UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TATYANA DEREV

                                     **COMPLAINT**

                Plaintiff,

LILY & TAYLOR INC., SOHAIL ELYASZADEH
A/K/A SOHAIL ELYASSZADEH

                Defendants,
------------------------------------------------------------X

Plaintiff TATYANA DEREV ("Plaintiff") by and through her attorneys, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also bring this action to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 201 and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6. Plaintiff TATYANA DEREV ("Plaintiff") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff was employed by Defendants as a pattern maker, as described herein, beginning from on or about February 21, 2006 until a workplace injury occurred on or about April 22, 2015.

7. Plaintiff's written consent to sue is attached hereto as Exhibit "A"

8. Defendant LILY & TAYLOR INC. is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 247 West 37th Street, Ground Floor, New York, NY, 10018.

9. Defendant SOHAIL ELYASZADEH A/K/A SOHAIL ELYASSZADEH ("Defendant Elyaszadeh") is the manager and/or operator of Defendant LILY & TAYLOR INC. Defendant Elyaszadeh has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

10. Defendant LILY & TAYLOR INC. and Defendant Elyaszadeh are herein collectively referred to as "Defendants".

11. Defendant LILY & TAYLOR INC. grosses more than $500,000.00.

12. At all relevant times, Defendants has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiffs.

## FACTUAL ALLEGATIONS

13. Defendants operate a garment business in New York, New York.

14. At all times relevant hereto, Defendants employed Plaintiff as a pattern maker.

15. Throughout her employment, every year, from April or May through October, approximately, Defendants assigned Plaintiff to work- and Plaintiff worked- Monday through Friday from 9am through 6pm with a 30 minute meal break.

16. Thus, throughout her employment, every year, from April or May through October, approximately, Defendants assigned Plaintiff to work- and Plaintiff worked- 42.5 hours per work week.

17. Defendants paid Plaintiff on an annual salary basis, which is below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

18. Defendants paid Plaintiff $61,207.20 for the 2010 year, $63,97.70 for the 2011 year, $63,949.29 for the 2012 year, $68,868.88 for the 2013 year, $72,670.19 for the 2014 year, and Plaintiff's 2015 salary was approximately $73,797.88.

19. Defendants did not pay Plaintiff an overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

20. Defendants did not pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

21. Defendants failed to pay Plaintiff the required overtime premiums of one and one half times her regular hourly rates of pay for all of the hours she worked in excess of 40 hours per week.

22. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime pay to the Plaintiff.

23. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

24. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid an overtime premium for hours worked over 40 hours per work week. Defendants knew that the nonpayment of overtime pay would economically injure Plaintiff and that they violated the FLSA and the NYLL.

25. Defendants committed the foregoing acts knowingly, intentionally and willfully.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – FLSA)

26. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

27. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek and continue to do so.

28. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rates for hours worked in excess of forty (40) hours per workweek.

29. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

30. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be applied.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – NYLL)

31. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

32. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

33. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rates for hours worked in excess of forty (40) hours per workweek.

34. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff sustained damages, including loss of earnings, in an amount to be established at trial.

35. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Wage Statement Violations – NYLL §195)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

37. Defendants failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

38. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each workday that the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) An award of damages, according to proof, including FLSA and NYLL liquidated damages, interest, and statutory damages to be paid by Defendants;

(b) Costs of action incurred herein, including expert fees;

(c) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(d) Pre-Judgment and post-judgment interest, as provided by law; and

(e) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: October 30, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT A

I am a current or former employee of

_Lily and Taylor, Inc., Sohail Elyaszadeh_ and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _26_ day of _October_, 2016.

_Derev_
Signature

_TATYANA DEREV_
Full Legal Name (print)